# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# AT WHEELING

**BEVERLY BURKE, Individually and**
**As Executrix of the ESTATE OF**
**DAVID REED BURKE, Deceased**

    Plaintiff,                                **JURY TRIAL DEMANDED**

vs.                      //////        CIVIL ACTION NO. **5:20-CV-190 (Bailey)**

**GP TRANSPORTATION CO. d/b/a**        (Removed from the Circuit Court of
**GP TRANSCO; CINTAS CORPORATION; and**  Ohio County, West Virginia, Civil
**SCHNEIDER LOGISTICS, INC. a/k/a**        Action No. 20-C-163)
**SCHNEIDER INTERNATIONAL**

    Defendants.

## NOTICE OF REMOVAL

NOW COMES the Defendant Schneider Logistics, Inc., erroneously named as Schneider Logistics, Inc. a/k/a Schneider International, by and through counsel, Melvin F. O'Brien, Esquire; Michelle D. Baldwin, Esquire; and Dickie, McCamey & Chilcote, L.C., and removes the above-captioned lawsuit pursuant to 28 U.S.C. §§1441 *et seq*., from the Circuit Court of Ohio County, West Virginia, where it has been assigned Civil Action No. 20-C-163, to the United States District Court for the Northern District of West Virginia, at Wheeling.

This Court has both diversity jurisdiction and federal question jurisdiction over this action. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the preemption of the Plaintiffs' claims by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c). To the extent that this Court does not have original jurisdiction over

certain claims, it should exercise supplementary jurisdiction over this entire action pursuant to 28 U.S.C. § 1367 because all of the claims are so related to form the same case or controversy. Defendant in support thereof avers as follows:

1. Plaintiff Beverly Burke individually (hereinafter "Plaintiff Burke"), and Plaintiff Beverly Burke as Executrix of the Estate of David Reed Burke (hereinafter "Plaintiff Estate"), commenced the above captioned action against the Defendants, GP Transportation Co. d/b/a GP Transco; Cintas Corporation; and Schneider Logistics, Inc. a/k/a Schneider International, in the Circuit Court of Ohio County, West Virginia, Civil Action No. 20-C-163.

2. The Defendant Schneider Logistics, Inc. (hereinafter "Defendant Schneider") was served with Plaintiffs' Complaint via the Secretary of State on August 4, 2020. Pursuant to 28 U.S.C. 1446(a), a copy of both the Summons and Complaint is attached hereto as **Exhibit 1**.

3. The time within which Defendant Schneider is required to file the Notice of Removal of this action to the United States District Court for the Northern District of West Virginia has not expired at the time of its filing and service.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Docket Sheet maintained by the Circuit Court of Ohio County is attached hereto as **Exhibit 2**.

5. Pursuant to LR Gen P 5.01(c), within twenty-one (21) days of the removal of an action from state court, undersigned counsel will file the certified state court record in CM/ECF.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the Plaintiff's claim occurred in Ohio County, West Virginia, which is situated in the Northern District of West Virginia, Wheeling Division. In addition, Ohio County, West

Virginia, where this action was initially filed, is within the jurisdiction of the United States District Court for the Northern District of West Virginia.

7. As grounds for said removal, Defendant Schneider states that this civil action is one which may be removed to the United States District Court, pursuant to the provisions of 28 U.S.C. §1441, on three (3) grounds. First, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Second, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the preemption of the Plaintiffs' claims by the FAAAA, 49 U.S.C. § 14501(c). Third, to the extent that this Court does not have original jurisdiction over certain claims, it should exercise supplementary jurisdiction over this entire action pursuant to 28 U.S.C. § 1367 because all of the claims are so related to form the same case or controversy.

**DIVERSITY JURISDICTION**

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Plaintiff Burke is a citizen of and is domiciled in the state of West Virginia. *See generally* Exhibit 1, Complaint, ¶ 1.

10. Plaintiff Estate is a citizen of and is domiciled in the state of West Virginia. *See generally* Exhibit 1, Complaint, ¶ 4.

11. Defendant Schneider is, and was at all times relevant hereto, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of

business located at 3101 South Packerland Drive, Green Bay, Wisconsin, 54313. Accordingly, Defendant Schneider is a citizen of and is domiciled in the state of Wisconsin. *See* Exhibit 1, Complaint, ¶ 8.

12.     Defendant GP Transportation Co. d/b/a GP Transco is, and was at all times relevant hereto, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 7955 South Cass Avenue, Darien, Illinois 60561. Accordingly, Defendant GP Transportation Co. d/b/a GP Transco is a citizen of and is domiciled in the state of Illinois. *See* Exhibit 1, Complaint, ¶ 6.

13.     Defendant Cintas Corporation is, and was at all times relevant hereto, a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 6800 Cintas Boulevard, Mason, Ohio, 45040. Accordingly, Defendant Cintas Corporation is a citizen of and is domiciled in the state of Washington and/or Ohio. *See* Exhibit 1, Complaint, ¶ 7.

14.     Therefore, for purposes of this Court's exercise of jurisdiction pursuant to 28 U.S.C. §1332, there is complete diversity of citizenship as between the Plaintiffs and Defendants in this matter.

15.     Cumulatively, Plaintiffs seek both special and general compensatory damages associated with the death of David Reed Burke, including damages to the decedent's Estate and beneficiaries pursuant to West Virginia Code § 55-7-5 *et seq.*, as well as punitive damages. Plaintiffs contend that the decedent was conscious and alert and experienced physical and mental pain before ultimately passing away as a result of injuries sustained in the motor vehicle accident which is the subject of this case.  In addition, prior to the filing of the instant lawsuit, the Plaintiff submitted a settlement demand in the amount of one million

dollars ($1,000,000.00) to Defendant G.P. Transportation Co, which is attached hereto as **Exhibit 3**. *See Heller v. TriEnergy, Inc.*, 2012 U.S. LEXIS 94003 (N.D. W.Va.).

16. In light of the nature and extent of the decedent's injuries, the possible recoverable damages, and the pre-suit settlement demand, it is clear that the sum in controversy in this civil matter exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### Federal Question Jurisdiction

17. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the preemption of the Plaintiffs' claims by the FAAAA, 49 U.S.C. § 14501(c).

18. Plaintiffs claim that David Reed Burke died when his motor vehicle was rear-ended by the tractor trailer driven by Santari Sias, Jr, who was employed by Defendant GP Transco, which was hired by Defendant Schneider and Defendant Cintas Corporation to transport Cintas' goods. *See* Exhibit 1, Complaint, ¶¶ 5, 10-14.

19. Specifically, Under West Virginia common law and pursuant to the West Virginia Wrongful Death Act, § 55-7-5 et seq., Plaintiffs seek to hold Defendants financially responsible for injuries allegedly resulting from the manner in which the Defendants acted, or failed to act, in connection with the transportation of goods by tractor trailer. *See generally* Exhibit 1, Complaint.

20. In 1980, Congress deregulated interstate trucking so that the rates and services offered by trucking companies and brokers would be set by the market rather than by government regulation. *See* Motor Carrier Act of 1980, 94 Stat. 793. Later, in 1994, to bolster deregulation, Congress included a provision within the FAAAA, 108 Stat. 1605-06,

which expressly provides that state regulation of the trucking industry is preempted:

> a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). In interpreting this provision, the Supreme Court has determined:

> (1) that [s]tate enforcement actions having a connection with, or reference to carrier rates, routes, or services are preempted; (2) that such preemption may occur even if a state law's effect on rates, routes, or services is only indirect; (2) that, in respect to preemption, it makes no difference whether a state law is consistent or inconsistent with federal regulation; and (4) that preemption occurs at least where state laws have a significant impact related to Congress' deregulatory and preemption-related objectives.

*Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 370-71 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992)) (internal citations and punctuation omitted).

21. FAAAA preempts not only state statutes and administrative regulations governing the trucking industry but also state-law private causes of action that come within its terms. *See, e.g., Smith v. Comair, Inc.,* 134 F.3d 254 (4th Cir. 1998); *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.,* 972 F. Supp. 665, 672 (N.D. Ga. 1997); *Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808 (N.D. Ohio 2018) (personal injury claims against shipping entity and broker conclusively preempted by the FAAAA).

22. The personal injury claims of the Plaintiff are barred by FAAAA Preemption under 49 USC § 14501 because the claims of the Plaintiff affect the price, routes, and service of the Defendants as freight broker(s), or in the alternative, as motor carrier(s) with respect to the transportation of property.

23. Federal question jurisdiction under 28 U.S.C. § 1331 exists in cases of

"complete preemption," where a "federal statute completely preempts the state-law cause of action," because such "a claim which comes within the scope of that action, even if pleaded in terms of state law, is in reality based on federal law." *See Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at *2 (W.D. Tex. Jan. 27, 2020) (discussing federal jurisdiction and holding a broker-defendant properly removed a state law cause of action that was completely preempted by the FAAAA).

24. In addition to FAAAA preemption, federal field preemption also applies to the regulation of motor carriers and freight brokers.

### Supplemental Jurisdiction

25. If this Court does not have original jurisdiction over certain claims, it has supplemental jurisdiction over this entire action pursuant to 28 U.S.C. § 1367 because all of the claims are so related to form the same case or controversy. *See Myles Lumber Co. v. CNA Fin. Corp.,* 233 F.3d 821, 824 (4th Cir. 2000) (outlining principles of supplemental jurisdiction).

26. To the extent that the amount in controversy for either Plaintiff Burke or Plaintiff Estate does not arise to the threshold $75,000, this Court should exercise supplemental jurisdiction over the insufficient claim because all of the claims clearly form the same case or controversy.

27. To the extent that the FAAAA preemption does not apply to all of the Plaintiffs' claims, this Court should exercise supplementary jurisdiction over the non-preempted claims because they clearly form the same case or controversy. *See Edward D. Jones & Co., LP V. Clyburn,* United States District Court, Civil Action No. 7:20CV00433 (W.D. Va. August 19, 2020, *Conrad, J.*) (exercising supplemental jurisdiction over plaintiff's related state-law

claims arising from same controversy).

29.     The entire Complaint stems from the same incident, and it promotes judicial economy, convenience, fairness, and comity to resolve all issues stemming from this incident together before this Court.

## Conclusion

30.     Concurrent with the filing of this Notice of Removal, Defendant Schneider has filed with the Clerk of the Circuit Court of Ohio County, West Virginia, and has served upon Plaintiffs' counsel, a Notice of Filing of Notice of Removal advising that said Defendant has removed this action to the United States District Court for the Northern District of West Virginia, Wheeling Division.  A copy of the State Circuit Court Notice of Removal is attached hereto as **Exhibit 4**.

31.     In accordance with 28 U.S.C. §1446(b)(2)(A), all other Defendants consent to the removal of this case, as evidenced by the executed Consent to Removal forms attached hereto as **Exhibits 5 and 6**.

32.     By filing this Notice of Removal, this Defendant does not waive any defense, which may be available to it in this action.

WHEREFORE, the Defendant Schneider Logistics, Inc. respectfully requests that this case be removed from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia, and this Honorable Court assume subject matter jurisdiction over this action on the diversity and federal question jurisdiction grounds set forth in this Notice of Removal.

DICKIE, McCAMEY & CHILCOTE, L.C.

By: _/s/ Melvin F. O'Brien_
Melvin F. O'Brien, Esq. (WV #6797)
Michelle D. Baldwin, Esq. (WV#8058)
2001 Main Street, Suite 501
Wheeling, WV 26003
P: 304-233-1022
F: 888-811-7144
E-Mail: mobrien@dmclaw.com
mbaldwin@dmclaw.com
*Counsel for Defendant Schneider Logistics, Inc.*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

**BEVERLY BURKE, Individually and
As Executrix of the ESTATE OF
DAVID REED BURKE, Deceased**

      Plaintiff,

vs.   //////   CIVIL ACTION NO. __5:20-CV-190 (Bailey)__

**GP TRANSPORTATION CO. d/b/a**   (Removed from the Circuit Court of
**GP TRANSCO; CINTAS CORPORATION; and**   Ohio County, West Virginia, Civil
**SCHNEIDER LOGISTICS, INC. a/k/a**   Action No. 20-C-163)
**SCHNEIDER INTERNATIONAL**

      Defendants.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 31th day of August, 2020, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

James G. Bordas, III, Esq.
Christopher J. McCabe, Esq.
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
*Counsel for Plaintiff*


Joseph K. Merical, Esq.
GORDON REES SCULLY MANSUKHANI
41 South High Street, Suite 2495
Columbus, OH  43215
*Counsel for Cintas Corporation*


Timothy A. Montgomery, Esq.
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Ft. Duquesne Blvd
Pittsburgh, PA 15222
*Counsel for GP Transportation Co.*

10

DICKIE, McCAMEY & CHILCOTE, L.C.

By:    */s/ Melvin F. O'Brien*
       Melvin F. O'Brien, Esq. (WV #6797)
       Michelle D. Baldwin, Esq. (WV#8058)
       2001 Main Street, Suite 501
       Wheeling, WV 26003
       P: 304-233-1022
       F: 888-811-7144
       E-Mail: mobrien@dmclaw.com
               mbaldwin@dmclaw.com

*Counsel for Defendant Schneider Logistics, Inc.*