IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| BEVERLY BURKE, individually and, as Executrix of the ESTATE OF DAVID REED BURKE, Deceased, | Civil Action No. 5:20 cv 190 |
| | Judge Bailey |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| GP TRANSPORTATION CO. d/b/a GP TRANSCO; CINTAS CORPORATION; and SCHNEIDER LOGISTICS, INC. a/k/a SCHNEIDER INTERNATIONAL, KOKOSING CONSTRUCTION COMPANY, INC., MCGRAW/KOKOSING, INC., KOKOSING MATERIALS, INC., THE OLEN CORPORATION, CG ENTERPRISES, INC., SWANK CONSTRUCTION COMPANY, LLC and SWANK CONSTRUCTION COMPANY, | |
| Defendants. | |

**DEFENDANT GP TRANSCO'S MOTION FOR PROTECTIVE ORDER**

Defendant, GP Transportation Co. d/b/a GP Transco, by and through its undersigned counsel, Timothy A. Montgomery, Esquire, Julie A. Brennan, Esquire, and Pion, Nerone, Girman, Winslow & Smith, P.C., moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order concerning Plaintiff's request for the deposition of Dominic Zastarskis, the CEO of GP Transco, as follows:

1. This case involves a tragic accident which occurred on October 19, 2019 on Interstate 470 in Wheeling, Ohio County, West Virginia.

2. A tractor trailer being operated by an employee of GP Transco, within the course and scope of his employment with GP Transco, under the operating authority of GP Transco, struck the rear of a vehicle being operated by the Plaintiff's decedent, and pushed it into the trailer of another tractor trailer stopped ahead.

3. The GP Transco employee operating the GP Transco tractor trailer died in the accident.

4. GP Transco has admitted that its operator was negligent, that it is vicariously liable for the negligence of its operator, and that it is liable for the accident which is the subject of this case subject to any evidence which demonstrates the GP Transco operator suffered a medical emergency.

5. The Plaintiff will have taken the depositions of six current and former GP Transco employees – not including the operator of GP Transco's tractor trailer who died in the accident.

6. Of the six depositions, two of the witnesses testified as corporate designees of GP Transco, addressing a notice which included thirty substantive areas of testimony. Plaintiff has also deposed the former VP of Human Resources and Safety, and an Account Manager involved in certain contract negotiations, freight bidding, and daily freight acceptance/rejection. Plaintiff has requested the deposition of GP Transco's Safety Director, and of a former Account Manager with similar involvement to the person already deposed.

7. In addition to those six depositions, the Plaintiff has also requested the deposition of GP Transco's CEO Dominic Zastarskis.

8. While GP Transco has already facilitated four of the above depositions, and is agreeable to facilitating the depositions requested of its Safety Director, and of a former Account Manager, the Plaintiff has no reasonable basis to request the deposition of GP Transco's CEO.

9. Within the letter requesting Mr. Zastarskis' deposition, Plaintiff's counsel explained that basis as follows:

> I would like to depose Dominic Zastarskis who according to testimony, directly supervised/oversaw the safety department of GP Transportation. He also knew of GP Transco's safety scores during the relevant time in question and oversaw/knew about various corrective action plans prepared at the request of Schneider Logistics.

10. Moreover, in response to GP Transco's good faith effort to avoid a discovery dispute and communicate with Plaintiff's counsel about the improper request to depose GP Transco's CEO, Plaintiff's counsel stated as follows:

> The Vice President of Safety testified Mr. Zastarski knew of the CSA scores and the fact they were not improving despite the corrective action plans. She also testified he knew the corrective action plans were not working and was hands on with that situation. She attended safety meeting where these issues were discussed and was ultimately responsible for those safety issue and safety of company (per Maria's testimony). She was not able to answer many questions so I will be following up with her boss (testimony) and the person she indicated was ultimately responsible to discuss these issues.
>
> Unlike the 30B6 witnesses produced (sure intentionally) he was at the company at the relevant times in questions, was dealing with the issues and was hands on in the issues (per Maria). He can answer questions as the leader of the company not only on the important safety issues, but what was done to pull speed information from Samsara related to the crash, because nobody seems to be able to answer that question despite our preservation request. He can provide information regarding Mr. Sias's score on Samsara leading up to the crash. He can provide information why driver's were not getting trained monthly per the companies own corrective action plan submitted to SLI. He can testify about about the internal scorecard of Mr. Sias (based on violations, speeding, HOS violation, etc.) also outlined in corrective action plane. Notably, none of these documents have been produced and we will be sending a right to cure letter on these issues. The list of relevant topics/issues goes on and on concerning what he can testify to and actually answer (questions/answers that were danced around by those whom have been deposed). So yes, I believe he has information that is relevant and could lead to admissible evidence. I am sure the Court would also agree, so if you want to not produce him, I will simply outline every, thereby apprising the Court of just how important these issues are based on the egregiousness of GP Transco. (sic)

11. Plaintiff's counsel is not seeking any unique knowledge from GP Transco's CEO, rather, the Plaintiff wants to review information she already has and test testimony she has already received from other GP Transco current and former employees. In essence, the Plaintiff wants to depose Dominic Zastarskis for no other reason than he is GP Transco's CEO. There is no efficient purpose for the Plaintiff to depose the highest ranking official at GP Transco.

12. To the extent the Plaintiffs seeks additional cumulative deposition testimony from GP Transco's CEO as to the company's Federal Motor Carrier Safety Administration Safety Measurement System (SMS) scores, then it is important to note that pursuant to the FAST (Fixing America's Surface Transportation) Act of 2015, Public Law No. 114-94, Section 5223:

> Readers should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system. Unless a motor carrier has received an UNSATISFACTORY safety rating under part 385 of title 49, Code of Federal Regulations, or has otherwise been ordered to discontinue operations by the Federal Motor Carrier Safety Administration, it is authorized to operate on the Nation's roadways.

The Safety Measurement System itself further warns that "The data in the Safety Measurement System (SMS) is performance data used by the Agency and Enforcement Community. A ⚠ symbol based on that data, indicates that FMCSA may prioritize a motor carrier for further monitoring." At bottom, the SMS data on which the Plaintiff seeks to accumulate additional testimony is not intended by the federal government to serve as evidence of unsafe operations.

13. The Court has the authority, and in fact "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…." F.R.C.P. 26(b)(2)(C).

14. Pursuant to Federal Rule of Civil Procedure F.R.C.P. 26(c), the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by forbidding the discovery.

15. The West Virginia Supreme Court of Appeals has adopted what is referred to as the "apex deposition rule", whereby in order for a party to depose a high-ranking corporate official, the party seeking the deposition must demonstrate that the high-ranking corporate official has certain unique or personal knowledge and that less intrusive methods of discovery were utilized to procure the information sought prior to attempting to obtain the deposition of the high-ranking corporate official. SER Mass. Mut. Life Ins. Co. v. Sanders, 230 W.Va. 164 (Nov. 9, 2012). The Court noted that the apex deposition rule was necessary in the corporate context to "(1) promote efficiency in the discovery process by requiring that before an apex officer is deposed it must be demonstrated that the officer has superior or unique personal knowledge of facts relevant to the litigation, and (2) prevent the use of depositions to annoy, harass, or unduly burden the parties." Id. at 169 (*quoting* SER Mass. Mut. Life Ins. Co. v. Sanders, 228 W.Va. 749, 755 (2012)).

16. Similarly, the Fourth Circuit has commented that a party seeking the deposition of a high-ranking corporate official has "no authority to designate the corporate witnesses" of the defendant, and has no basis to take a deposition of a high-ranking corporate official that has no "direct or specialized knowledge relevant to the elements of his claims." Dixon v. Foot Locker Inc., 623 Fed. Appx. 594, 595 (4th Cir. 2015).

17. GP Transco's CEO, Dominic Zastarskis' overall supervisory role of every aspect of the company, including the safety department, and cumulative corporate knowledge of the company's safety scores are insufficient grounds on which to justify taking his deposition in this case.

18.     Counsel undersigned certifies that it has conferred in good faith with Plaintiff's counsel as required by Local Rules and the Federal Rules of Civil Procedure in the manners set forth hereinabove.

WHEREFORE, Defendant GP Transco respectfully requests that this Honorable Court grant its Motion for Protective Order and prohibit the Plaintiff from deposing its CEO.

A JURY TRIAL IS DEMANDED.

          Respectfully submitted,

          PION, NERONE, GIRMAN, WINSLOW
            & SMITH, P.C.

          By: /s/ Julie A. Brennan
            Timothy A. Montgomery, Esquire
            Tmontgomery@pionlaw.com
            Attorney I.D. No. 12034

            Julie A. Brennan, Esquire
            JBrennan@pionlaw.com
            Attorney I.D. No. 11225

          420 Fort Duquesne Boulevard
          1500 One Gateway Center
          Pittsburgh, PA  15222

          Attorneys for Defendant,
          GP TRANSPORTATION CO. d/b/a
          GP TRANSCO

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2022, I electronically filed the foregoing Motion for Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Melvin O'Brien, Esquire
Michelle D. Baldwin, Esquire
2001 Main Street, Suite 501
Wheeling, WV 26003
mobrien@dmclaw.com
mbaldwin@dmclaw.com
*(Counsel for Schneider Logistics, Inc.)*

Robert D. Mosely, Jr., Esquire
Mosely Marcinak Law Group
4324 Wade Hampton Blvd., Suite B
Taylors, SC 29687
Rob.moseley@momarlaw.com
*(Counsel for Schneider Logistics, Inc.)*

James G. Bordas, III, Esquire
Christopher J. McCabe, Esquire
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
jbordasiii@bordaslaw.com
cmccabe@bordaslaw.com
*(Counsel for Plaintiff)*

John W. Burns, Esquire
Gordon Rees Scully Mansukhani, LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
jburns@grsm.com
*(Counsel for Cintas Corporation)*

Ben M. McFarland, Esquire
Melanie Morgan Norris, Esquire
Steptoe & Johnson PLLC
1223 Main Street, Suite 3000
P.O. Box 751
Wheeling, WV 26003
Ben.mcfarland@steptoe-johnson.com
Melanie.norris@steptoe-johnson.com
*(Counsel for Defendant, Kokosing Construction Company, Inc.)*

Rita Massie Biser, Esquire
Lynnette Simon Marshall, Esquire
Moore & Biser, PLLC
317 Fifth Avenue
South Charleston, WV 25303
rbiser@moorebiserlaw.com
lmarshall@moorebiserlaw.com
*(Counsel for Defendant, Swank Construction Company*

Eric J. Buckner, Esquire
Katz, Kantor, Stonestreet & Buckner, PLLC
207 S. Walker Street
Princeton, WV 24740
ebuckner@kksblaw.com
*(Counsel for Jennifer Sanchez)*

PION, NERONE, GIRMAN, WINSLOW
& SMITH, P.C.

2

/s/ Julie A. Brennan
Timothy A. Montgomery, Esquire
Julie A. Brennan, Esquire
Attorneys for Defendant,
GP TRANSPORTATION CO. d/b/a
GP TRANSCO